UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────

GREGORY GALBERTH,

                Plaintiff,

      v.                                              9:15-CV-1443
                                                      (TJM/TWD)

J. BIELWIEZ, et. al.

                Defendants.
───────────────────────────────

APPEARANCES:

GREGORY GALBERTH
03-A-0661
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. BARBARA UNDERWOOD                KEITH J. STARLIN, ESQ.
New York State Attorney General - Albany     Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

     Pro se plaintiff Gregory Galberth ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 44 ("Am. Compl."). In a Decision and Order filed on October 19, 2016 (the "October Order"), the Court reviewed the sufficiency of the Amended Complaint in

accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 43. Based upon that review, the Court directed defendants to respond to the following claims arising out of his confinement at Auburn C.F.: (1) Eighth Amendment excessive force claims against Bielwiez; and (2) Eighth Amendment claims against G. Smith, Heath, Novak, Putnam, R. Smith, Antonnick, and Fagan. *Id*. Defendants filed Answers to the Amended Complaint. Dkt. Nos. 47, 57.

Presently before the Court are Plaintiff's motions for preliminary injunctive relief and for the appointment of counsel. Dkt. Nos. 104, 116. Defendants oppose the motion for injunctive relief. Dkt. No. 120.

## II. MOTION FOR PRELIMINARY INJUNCTION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511. To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue

2

only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599

3

(RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Here, the injunction sought is mandatory, and thus the court will use the "clear and substantial" showing of a likelihood of success standard.

Plaintiff, who is presently incarcerated at Five Points Correctional Facility ("Five Points C.F."), moves for an order transferring him to another DOCCS' facility or, in the alternative, for an "order of protection". Dkt. No. 116. Plaintiff alleges that his "life is in danger" because he is not receiving necessary mental health treatment at Five Points C.F. *Id*. at 1-2. Construing the motion liberally, Plaintiff moves for relief against "Deputy Superintendents" identified as "Ms. Miller and Ms. Jones." *Id.* at 1. Defendants oppose the motion arguing that Plaintiff seeks relief against non-parties and further, that the relief sought is speculative and unrelated to the underlying claims. Dkt. No. 120.

As discussed *supra*, the remaining defendants are Bielwiez, G. Smith, Heath, Novak, Putnam, R. Smith, Antonnick, and Fagan. To the extent that Plaintiff seeks injunctive relief against entities that are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed.

4

R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the Court could provide relief with respect to the alleged wrongdoing, the motion would still be denied because the claims asserted in the motion are unrelated to the underlying claims. In the operative pleading, Plaintiff asserts Eighth Amendment claims related to an excessive force incident and food tampering at Auburn C.F. in 2012 and 2013. *See generally,* Am. Compl. In the present motion, Plaintiff alleges facts related to his mental health treatment during his confinement in 2018 at Five Points C.F. Thus, Plaintiff cannot establish a likelihood of success on the merits and Plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context). Additionally, Plaintiff's request for a transfer out of his present place of confinement is denied because an inmate does not have the right to be confined to the prison of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2d Cir. 1989).

The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. The Court concludes that he has not made a showing sufficient to warrant the issuance of preliminary injunctive relief.

## III. MOTION TO APPOINT COUNSEL

Plaintiff moves for the appointment of counsel claiming that he is physically and mentally incapable of representing himself. Dkt. No. 104. Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").[1] Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621). The Court

---

[1] Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." *Rashid v. McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

6

must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."[2] *Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989).

Even if the Court were to assume, for purposes of this motion, that Plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion. This case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions. *See Marino v. Koenigsmann*, No. 9:12-CV-1170 (GTS/RFT), 2014 WL 1239514, at *1 (N.D.N.Y. Mar. 25, 2014). Moreover, Plaintiff's physical and mental impairments have not prevented him from filing numerous motions and submissions including multiple responses to Defendants' recently filed motion to dismiss. *See* Dkt. No. 105, 106, 107, 108, 109, 110, 117, 1118, and 119. Additionally, it is highly probable that this Court will appoint trial counsel at the final pretrial conference and the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *See Terminate Control Corp*., 28 F.3d at 1341; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986).

The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time and is mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper*, 877 F.2d at 172 (noting that "[v]olunteer lawyer time is a precious commodity."); *see Candelaria v. Geifinger*, No. 96-CV-0017 (RSP/DS), 1998 WL 312375, at

---

[2] The court is authorized only to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Mallard v. United States District Court*, 490 U.S. 296, 298 (1989). Section 1915(e) does not, however, permit a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. *See Mallard*, 490 U.S. at 298, 309.

7

*2 (N.D.N.Y. June 8, 1998) (denying motion to appoint counsel as the plaintiff's health did not prevent him from effectively litigating the action). Thus, Plaintiff's motion for the appointment of counsel is denied without prejudice.[3]

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 116) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 104) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated: November 2, 2018

Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] In support of the motion, Plaintiff annexed seventy-eight pages of exhibits. See Dkt. No. 104-1. The submission includes copies of correspondence that substantiates his efforts to obtain counsel from the public and private sector. *Id*. at 11. The submission also includes documentation unrelated to the within motion including copies of grievances, medical records, and sick call requests. In light of Plaintiff's pro se status, the Clerk of the Court accepted them for filing. The Court advises Plaintiff, however, that the Court will not review those documents in the context of the within motion. Plaintiff is reminded that the Court docket is not intended to serve as a repository for his records.