UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**GREGORY GALBERTH,**

                              **Plaintiff,**

      **vs.**                                                                 **9:15-CV-1443**
                                                                                      **(TJM/TWD)**

**J. BIELWIEZ, et al.,**

                                **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

      The Court referred this *pro se* civil action, brought pursuant to 42 U.S.C. § 1983, to Magistrate Judge Thérèse Wiley Dancks for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff alleges that the Defendants, New York State prison guards and employees, violated his Eighth Amendment rights in the conditions of his confinement and by using excessive force against him.

      Magistrate Judge Dancks's Report-Recommendation, dkt. # 157, issued on September 20, 2019, recommends that Defendants' motion to dismiss for failure to prosecute be granted.  Magistrate Judge Dancks finds that Plaintiff has repeatedly refused to sit for a deposition, defied court orders to appear, and ignored warnings that the case could be dismissed for failure to prosecute if he did not make himself available for discovery.  Finding that Defendant has wilfully refused to participate in the matter, ignored

1

court orders, repeatedly missed scheduled depositions, and failed to keep the Clerk of Court updated with his current address despite direction from the Court, Magistrate Judge Dancks concluded that no option existed but to grant the Defendants' motion to dismiss.

On November 12, 2019 the Court issued an order accepting and adopting Magistrate Judge Dancks' Report-Recommendation and dismissing the case. The Court wrote:

> The docket indicates that on October 21, 2019, the Plaintiff called the Clerk of Court from Rikers Island in New York City. The Clerk informed him of Magistrate Judge Dancks' Report-Recommendation, and Plaintiff claimed he had never received a copy. Despite direction from the Court, Plaintiff did not provide a written change of address in the six weeks since that conversation. While that conduct supports the Magistrate Judge's conclusion that the motion to dismiss should be granted, the Court will treat these communications as evidence that Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss. When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.
> Having engaged in a *de novo* review of the Magistrate Judge's Report-Recommendation, the Court will accept and adopt the Report-Recommendation for the reasons stated therein.

See Decision & Order, dkt. # 160. The Court entered judgment on the same day. See dkt. # 161.

On March 12, 2020, Plaintiff wrote the Court requesting reconsideration of the Court's Order dismissing the action. See dkt. # 166. Plaintiff related that he had been mentally ill and had been incarcerated at Rikers Island in New York City since the previous fall. Id. He had also been ill with pneumonia. Id. He suffered continuing difficulty from a beating by two inmates while he was at Rickers Island, a beating that also led to

2

hospitalization. Id. Plaintiff also related that he had tried to contact the Court about his case, but his incarceration and other difficulties he faced meant that the Court never received those letters. Id.

The Court granted the Plaintiff's request and reopened the case for the purpose of Plaintiff filing objections to the Report-Recommendation. See dkt. # 168. After receiving an extension of time to file his objections, Plaintiff has filed them. See dkt. # 171. Plaintiff offers explanations for his failure to keep the Court informed of changing addresses, mostly blaming others for these failings, and reminds the Court that he suffers from chronic mental illness that makes complying with Court orders and meeting deadlines difficult. The Defendants responded to Plaintiff's filing by emphasizing that Plaintiff had repeatedly failed to appear for depositions and engaged in other contumacious behavior, that he had behaved as if he was aware of his last scheduled deposition, and that he had repeatedly ignored court orders dismissing parts of his claim. See dkt. # 172.

Having considered the Plaintiff's objections and the Magistrate Judge's determinations *de novo* in light of Plaintiff's explanations for his continued failure to appear for deposition, the Court concludes that Report-Recommendation should be accepted and adopted for the reasons stated therein. Plaintiff's additional explanations for his failings are a continuation of the reasons he has previously provided for not appearing for his deposition. Despite the Court's sympathy for his position as a former inmate who suffers from chronic disabilities, the Court cannot continue to excuse Plaintiff's unwillingness to appear for a deposition, his continued failure to abide by Court orders, and his failure to follow basic court rules. Plaintiff has demonstrated the ability to communicate with the Court and defense counsel about his inability to attend depositions, yet has not yet made

himself available.  That sort of conduct must ultimately have consequences.  Moreover, Plaintiff filed his case in 2015, and the Court recognizes that Defendants would suffer serious prejudice from continued delays in this matter.  As such, the Court will accept and adopt Magistrate Judge Dancks's recommendation that the case be dismissed.

Accordingly,

Plaintiff's objections to the Report-Recommendation of Magistrate Judge Dancks, dkt. # 171, are hereby **OVERRULED**.  The Report-Recommendation, dkt. # 157, is hereby **ACCEPTED** and **ADOPTED**.  Defendants' motion to dismiss for failure to prosecute, dkt. # 153, is hereby **GRANTED**.  The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED.**

**Dated:**  June 18, 2020

Thomas J. McAvoy
Senior, U.S. District Judge